**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MONEY MATTERS MANAGEMENT, a California corporation, et al.,<br><br>                                    Plaintiffs,<br>      vs.<br><br>NICHE MARKETING, INC., a California corporation, et al.,<br><br>                                    Defendants. | CASE NO. 07-cv-0591 IEG CAB<br><br>ORDER DENYING MOTION TO DISMISS COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(1) AND GRANTING MOTION TO DISMISS COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)<br><br>**[Doc. No. 51]** |

Presently before the court is Money Matters Management, Inc., and Myles Hubers' motion to dismiss Erik Sussman's counterclaim under Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for lack of capacity and real party in interest. For the following reasons, the court denies the motion under Rule 12(b)(1), and grants the motion to dismiss the counterclaim under Rule 12(b)(6).

**BACKGROUND**

**Factual Background**

Plaintiffs in the instant case have filed claims under ERISA and associated pendent/supplemental state claims (hereinafter "the ERISA case"). Plaintiffs include Myles Hubers, an individual residing in California, and Money Matters Management, Inc., a California corporation ("Money Matters"). (Doc. No. 35, First Amended Complaint ¶¶ 10 & 11.) Defendants

include Erik Sussman, an individual residing in Florida. (Id. ¶ 16.) Plaintiffs allege "fraud and concealment, false inducement, and breach of common law fiduciary duties" by defendants "in connection with the pre-plan promotion and marketing of the plan and insurance coverage." (Id. ¶ 1.) Plaintiff Money Matters adopted the plan effective December 18, 2004. (Id.) Plaintiffs purchased the plan from defendants believing it would allow them to take substantial income tax deductions for amounts contributed to the plan. (Id. ¶ 22.) Defendants allegedly received commissions on the sale of the insurance policies which violated their fiduciary duties. (Id. ¶¶ 49-55.) Moreover, plaintiffs allege defendants negligently or fraudulently failed to disclose the true tax consequences and liabilities of the plan. (Id. ¶¶ 90-116.)

Defendant Sussman filed a counterclaim August 3, 2007 (Doc. No. 43), followed by an amended counterclaim on August 24, 2007 (Doc No. 47) (hereinafter "counterclaim"). The counterclaim alleges breach of contract by Hubers and Money Matters (hereinafter "counterdefendants"), and fraud by Money Matters, relating to a marketing agreement which Sussman and Hubers signed in March of 2005. (Counterclaim, Ex. A.) Under the terms of the agreement, Mortgage Loan Specialists, Inc. was to refer clients to Choice Financial Professionals, Inc., in exchange for a monthly payment. (Counterclaim ¶¶ 2 & 5.) Sussman signed the contract under the line for Choice Financial Professionals, as president of that company. (Id., Ex. A.) Under the line for Mortgage Lending Services, Inc., Hubers signed as president. (Id.) Sussman alleges no referrals have been made under the contract, despite his having paid $350,000 as advance payment for 14 months of marketing fees. (Counterclaim ¶¶ 6 & 8.) Moreover, Sussman claims Money Matters had no intention of providing referrals at the time the agreement was made. (Id. ¶ 11.)

**Procedural Background**

Sussman filed his amended counterclaim on August 24, 2007. Counterdefendants filed the instant motion on September 10, 2007. (Doc. No. 51.) On October 1, 2007, counterclaimant filed his opposition to the motion, (Doc. No. 53) and on October 5, 2007, counterdefendants filed their reply (Doc. No. 54). The court finds the matter is now fully briefed and amenable for disposition without oral argument pursuant to Local Rule 71.1(b).

# DISCUSSION

**Subject Matter Jurisdiction**

1. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court, as the federal courts are courts of limited subject matter jurisdiction. See, e.g., Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 (9th Cir. 2003). Consequently, it is presumed that jurisdiction lies outside this court and the plaintiff bears the burden of establishing the propriety of the court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

A motion to dismiss under Rule 12(b)(1) can be either "factual" or "facial." Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); 2 Moore's Federal Practice § 12.30 (2004). If the defendant brings a facial attack, arguing that the allegations in the complaint are insufficient to demonstrate the existence of jurisdiction, the Court's inquiry is much the same as when ruling on a motion brought under Rule 12(b)(6). Moore's Federal Practice § 12.30. Specifically, the Court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff. Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000), cert. denied, 534 U.S. 1018 (2001); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). A Rule 12(b)(1) motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. Thornhill Pub'g Co. v. General Tel. & Electric Corp., 594 F.2d 730, 733 (9th Cir. 1979).

2. Analysis

Counterdefendants present a facial attack on Sussman's counterclaim, arguing it fails to allege facts establishing this court's subject matter jurisdiction. Specifically, they argue diversity jurisdiction does not exist because the real parties in interest regarding the counterclaim are the corporate parties to the contract, not Sussman and Hubers as individuals, nor Money Matters, a separate corporate entity. Counterdefendants argue that the real parties in interest to the counterclaim are nondiverse. (Memo. ISO Motion at 5.) Counterdefendants do not argue that diversity jurisdiction does not exist as between the named parties.

1  Sussman's counterclaim adequately sets out facts establishing diversity jurisdiction.
2  Sussman, a Florida resident, alleges claims against Money Matters, a California corporation, and
3  Hubers, a California resident. (Counterclaim at "Jurisdiction.")  The amount in controversy is
4  $350,000, which represents the payment made by Sussman.  (Id. ¶¶ 6, 9 & 12.)  Federal diversity
5  jurisdiction exists to adjudicate claims between these named parties.  Nonetheless,
6  counterdefendants' jurisdictional arguments demonstrate that the counterclaim does not comply
7  with Rule 13 of the Federal Rules of Civil Procedure.  This argument is discussed below.
8  **Propriety of the Counterclaim**
9  Counterdefendants argue that under California law, the counterclaim cannot be filed
10 against Money Matters and Hubers.  They argue that under Rule 13(b), counterclaims may only be
11 brought against an opposing party.  They argue claims under the contract may only be brought
12 against Mortgage Loan Specialists, Inc. ("MLS"), the signatory to the contract, which is not a
13 party to the instant case. (Memo. ISO Motion at 5.)  Counterdefendants correctly argue that the
14 counterclaim has been brought against the wrong entity.  For the following reasons, the
15 counterclaim must be dismissed for failure to comply with Rule 13(b).
16 1.  Legal standard
17  In diversity cases such as the instant case, the substantive elements of the claim are
18 determined by state law but the complaint must conform with the requirements of the Federal
19 Rules of Civil Procedure.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).
20 Rule 13 of the Federal Rules of Civil Procedure permits a party to "state as a counterclaim any
21 claim against an opposing party . . ." Fed. R. Civ. P. 13 (emphasis added); In re Adbox, Inc., 488
22 F.3d 836, 840 (9th Cir. 2007) (counterclaims must be against opposing parties); Pioche Mines
23 Consol. v. Fidelity-Philadelphia Trust Co., 206 F.2d 336, 337 (9th Cir. 1953) (same).
24 2.  Analysis
25 A.  The breach of contract claim
26  Counterdefendants argue that Sussman's counterclaim only presents claims against MLS,
27 which is not a party to the ERISA case.  California law governs the question of which entities may
28 be properly liable on Sussman's claims.  It is a well-settled in California that "only a signatory to a

1  contract may be liable for any breach." Clemens v. American Warranty Corp., 238 Cal. Rptr. 339,
2  343 (Cal. Ct. App. 1987); United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 761
3  (9th Cir. 2002) (quoting Clemens); see also Sessions v. Chrysler Corp., 517 F.2d 759, 760 (9th
4  Cir. 1975).  The contract is attached to the counterclaim as Exhibit A.  On its face, it is between
5  Choice Financial Professionals (a company of Sussman's), and MLS.  Pursuant to California law,
6  no claim for breach of contract exists against Money Matters because it is a non-signatory.

7  The counterclaim also alleges breach of contract against Myles Hubers.  Mr. Hubers'
8  signature appears on the signature page of the contract. (Counterclaim, Ex. A, p. 3.)  But there is
9  no basis in California law for proceeding against an agent signing on behalf of a corporation.
10  Augee v. Hunter, No. B180889, 2006 WL 360959 at *4 (Cal. Ct. App. Feb. 16, 2006) ("The
11  representative form of the [partners'] signatures in this case is unmistakably demonstrated by the
12  use of the qualification 'by' immediately before their signatures and the placement of the signature
13  line directly under the identification of [the partnership]."); Main Line Pictures, Inc. v. Basinger,
14  No. B077509, 1994 WL 814244 at *5 (Cal. Ct. App. Sept. 22, 1994) ("Where it appears on the
15  face of a contract that it is entered into on behalf of the corporation 'by' its agent, the corporation
16  is liable and the agent is not."); see also Falkowski v. Imation Corp., 33 Cal. Rptr. 3d 724, 739
17  (Cal. Ct. App. 2005); Carlesimo v. Schwebel, 197 P.2d 167, 170 (Cal. Ct. App. 1948).  In the
18  instant case, Hubers' signature appears on the contract below the words "Mortgage Lending
19  Services" and "By." (Counterclaim Ex. A.)  Below his signature reads his title, "President." (Id.)
20  Hubers signed on behalf of the corporation and thus he is not personally liable for breach of
21  contract.

22  Because both Hubers and Money Matters are not proper counterdefendants, the breach of
23  contract claim fails to comply with Rule 13(b) as it cannot be made against an opposing party.
24  Pursuant to Rule 12(b)(6), the breach of contract claim is dismissed for failure to state a claim.
25  B.  Fraud claim
26  The second count of the counterclaim alleges fraud by Money Matters. (Counterclaim ¶¶
27  11-15.)  Sussman alleges Money Matters never intended to keep the promises made in the
28  marketing agreement.  (Id. ¶ 11.)  This claim cannot be made against Money Matters.  The

1 marketing agreement was entered into by MLS.  (Id., Ex. A.)  Money Matters did not make the
2 promises which underlie the fraud claim.  Because MLS is not a party to the complaint, a
3 counterclaim under Rule 13 is improper, and the claim is dismissed.

**Motion to Dismiss for Failure to Assert Real Party in Interest and For Lack of Capacity**

Counterdefendants also move to dismiss the counterclaim for failure to comply with Rule 17.  Because the counterclaim is dismissed on other grounds, the court does not consider this argument.

**Dismissal Without Leave to Amend**

A court may dismiss a complaint without granting leave to amend only if it appears with certainty that the plaintiff cannot state a claim and any amendment would be futile.  See Fed. R. Civ. P. 15(a) (stating leave to amend "shall be freely given when justice so requires"); DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("[L]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

In this case, Sussman can plead no facts consistent with the face of the contract, attached to his counterclaim, upon which he could base a breach of contract claim against Hubers and Money Matters or a fraud claim against Money Matters.  Thus, the counterclaim is dismissed with prejudice and without leave to amend.

**CONCLUSION**

For the foregoing reasons, the court DENIES counterdefendants' motion to dismiss the counterclaim pursuant to Rule 12(b)(1) and GRANTS counterdefendants' motion to dismiss the counterclaim without leave to amend.

**IT IS SO ORDERED.**

**DATED: October 19, 2007**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**